Territorial Law Library

FILED
COURT
OCT 29 PM 3: 23
OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PATRICK POON and VIRGINIA POON, )<br>　　　　　　　　)<br>　　　　Plaintiffs, )<br>　　　　　　　　)<br>　vs. )<br>　　　　　　　　)<br>BING MEJIA, )<br>　　　　　　　　)<br>　　　　Defendant. )<br>_____ ) | CIVIL CASE NO. CV0067-13<br><br>**DECISION AND ORDER<br>ON MOTION TO STRIKE** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 5, 201 on Plaintiffs Patrick and Virginia Poon's Motions to Strike. Attorney Curtis Van de veld represented Plaintiffs. Attorney Richard Hamlin represented Defendant Bing Mejia. After a hearing on the matter, the Court took motion under advisement. The Court now issues its Decision and Order.

## BACKGROUND

On February 13, 2013, Plaintiffs filed their complaint against Defendant, alleging several causes of action arising out of a contract for the sale of a business. On March 6, 2013, Defendant filed an Answer to the Complaint. Then, on March 26, 2013, Defendant filed a pleading captioned "Defendant's Counterclaims and Demand for Jury Trial."

Plaintiffs filed a "Conditional Answer" on April 18, 2013, along with a Motion to Strike Pleading. In it, Plaintiffs move the Court strike Defendant's Counterclaims as untimely filed. On May 8, 2013, Defendant filed an Opposition to the Motion, arguing the March 26th Counterclaims pleading was a valid amendment to the March 6th Answer. For the reasons set forth below, the Court shall grant the motion.

## DISCUSSION

Plaintiffs argue in favor of striking the March 26, 2013 Counterclaims based on Rule 12(f) of the Guam Rules of Civil Procedure. Rule 12(f) provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Plaintiffs argue that based on Rules 12 and 13 of the Guam Rules of Civil Procedure, the March 26th pleading is immaterial.

> A defendant shall serve an answer within 20 days after the service of the summons and complaint upon that defendant, except when service is made under Rule 4(e) and a different time is prescribed by in the order of court. A party served with a pleading stating a cross-claim against that party shall serve an answer thereto within 20 days after the service upon that party. The plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer, or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs.

Guam R. Civ. P. 12(a).

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Guam R. Civ. P. 13(a). Thus, Plaintiffs argue, the March 26, 2013 Counterclaims are immaterial to the proceedings as they were not raised in Defendants initial answer on March 6, 2013 and should be stricken pursuant to Rule 12(f).

Defendant argues that the March 26th pleading constitutes a timely amendment to the Answer under Rule 15. "A party may amend the part's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time

within 20 days after it is served." Guam R. Civ. P. 15(a). The Rule continues, "[a]n amendment of a pleading relates back to the date of the original pleading when the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Guam R. Civ. P. 15(c).

In the view of this Court, the Counterclaims filed in the March 26, 2013 pleading should have been raised in the March 6, 2013 Answer as compulsory and/or permissive counterclaims under Rule 13. As such, the Court shall grant the motion to strike.

However, leave to amend pleadings "shall be freely given when justice so requires." Guam R. Civ. P. 15(a). Refusal to grant leave to amend without any justifying reason is abuse of discretion. See Arashi & Co., Inc. v. Nakashima Enterprises, Inc., 2005 Guam 21 ¶ 16. This Court finds that granting Defendant leave to amend his Answer to cure the insufficiencies is proper here.

## CONCLUSION

For the reasons discussed above, the motion to strike the March 26, 2013 Counterclaims is hereby **GRANTED**. Defendant shall file her amended Answer no later than November 5, 2013. Additionally, parties are ordered to submit a Scheduling Order and Discovery Plan within 30 days from the date of this Decision and Order. A Scheduling Conference will be held on December 23, 2013 at 2:00 p.m.

It is **SO ORDERED** this 29th day of October, 2013.

Original Signed By
Hon. Alberto C. Lamorena III

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

OCT 2 9 2013

Esther L. Pinaula
Deputy Clerk, Superior Court of Guam

_____

HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

